IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE MARTIN BRAVO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-1596-K |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Dallas Independent School District and Plaintiff Joe Martin Bravo filed a Joint Motion for Entry of Order Regarding Records of Child Protective Services and for *In Camera* Inspection and Release of Records, *see* Dkt. No. 27, which the Court grated in its Order Regarding Inspection, Release, and Protection of Records of Child Protective Services, *see* Dkt. No. 29.

As that order explained, certain records maintained by the Texas Department of Family and Protective Services relating to an April 8, 2022 report of alleged misconduct by Joe Martin Bravo during his employment with Dallas ISD at Raul Quintanilla Sr. Middle School STEAM Academy and any related CPS investigation are confidential; this Court may order the release of any and all records or part thereof maintained by CPS, after *in camera* inspection and findings that meet the standard set forth in section 261.201 of the Texas Family Code; and the Court finds that the records of CPS are confidential, and protected from disclosure by law, and

that *in camera* inspection of the records is appropriate and required for a determination as to whether the disclosure of the documents, records, or information concerning matters contained in the records, which are statutorily protected or would otherwise be confidential pursuant to section 261.201 of the Texas Family Code, is essential to the administration of justice in the instant case, and not likely to endanger the life or safety of the child who is the subject of the reports of suspected abuse or neglect, the person(s) who made the report(s) of suspected abuse or neglect, or any other individual, including any person who participated in the investigation or in the provision of care or services to the child or family. *See* Dkt. No. 29 at 1-2.

The Court then ordered that the Texas Department of Family & Protective Services deliver to this Court for *in camera* inspection an unredacted copy of its records concerning an April 8, 2022 report of alleged misconduct by Joe Martin Bravo during his employment with Dallas ISD at Raul Quintanilla Sr. Middle School STEAM Academy, identified by CPS with confirmation number 1a410f98, and the investigation of any such report, including: the report and records of the investigation of such report; copies of any written or recorded statements obtained by CPS in connection with any such investigation; and, any otherwise confidential records provided to the Texas Department of Family and Protective Services or CPS by other agencies, entities, or individuals regarding any report(s) of alleged misconduct by Joe Martin Bravo. *See id.* at 2.

And the Court explained that, if, after *in camera* inspection, the Court determines that the records or any portions of the records contain material and

relevant information which is essential to the administration of justice in this cause, and should be released, the records will be released to the attorneys of record, subject to the further provisions, restrictions, and protections of the Order Regarding Inspection, Release, and Protection of Records of Child Protective Services. *See id.* at 2-4.

The Court then entered an Electronic Order to ensure service of the Order Regarding Inspection, Release, and Protection of Records of Child Protective Services on the Texas Department of Family and Protective Services (also known as Child Protective Services and "CPS") and the Attorney General of Texas. *See* Dkt. No. 30.

Counsel for Defendant Dallas Independent School District then confirmed service on counsel for the Texas Department of Family & Protective Services, *see* Dkt. No. 31, and CPS delivered the records to the Court on June 27, 2024 for *in camera* inspection.

Following *in camera* review of those submissions, the Court now orders that the submitted records be produced subject to the provisions, restrictions, and protections of the Order Regarding Inspection, Release, and Protection of Records of Child Protective Services [Dkt. No. 29].

The Court finds following *in camera* review, and pursuant to Texas Family Code § 261.201(b)(3), that disclosure of the submitted records is essential to the administration of justice in this case and that disclosure is not likely to endanger the life or safety of a child who is the subject of the report of alleged or suspected abuse or neglect, the person(s) who made the report of alleged or suspected abuse or neglect

or any other individual, including any person who participated in the investigation or in the provision of care or services to the child or family.

The Court orders the Texas Department of Family & Protective Services to, by **Monday, July 15, 2024**, produce to one attorney of record for each party in this case exact copies of the records produced to the Court for *in camera* inspection.

The Court also directs counsel for Defendant Dallas Independent School District to serve the Texas Department of Family and Protective Services and the Attorney General of Texas with a copy of this Memorandum Opinion and Order Regarding Inspection, Release, and Protection of Records of Child Protective Services [Dkt. No. 29] and to, by **Thursday, July 11, 2024**, file a certificate of service.

On or after **Tuesday, July 30, 2024**, CPS must retrieve from the Court the CD that it submitted for *in camera* review or request that the CD be destroyed. Retrieval or destruction of these materials can be arranged by contacting Shakira Todd at (214) 753-2165.

SO ORDERED.

DATED: July 9, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE